# NORTON ROSE FULBRIGHT

September 12, 2013

Fulbright & Jaworski LLP
666 Fifth Avenue, 31st Floor
New York, New York 10103-3198
United States

**Charles D. Schmerler**
Partner
Direct line +1 212 318 3021
charles.schmerler@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

**Via Facsimile (212) 805-7986**

Hon. Paul G. Gardephe
United States District Court for the
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

Re: *De Sole, et al., v. Knoedler Gallery, LLC et ano.*, 12 civ 2313 (PGG) (HBP)
*Howard v. Freedman, et al.*, 12 civ 5263 (PGG) (HBP)
*White v. Freedman, et al.*, 13 civ 1193 (PGG)
*Taubman v. Knoedler Gallery LLC et al.*, 13 civ. 3011 (PGG)
*The Martin Hilti Family Trust v. Knoedler Gallery, LLC, et al.*, 13 civ 0657 (PGG)

Dear Judge Gardephe:

We represent defendants Knoedler Gallery, LLC ("Knoedler"), Michael Hammer and 8-31 Holdings Inc. in the above-referenced actions. Per Your Honor's Order of September 9, we write in connection with the motion of the United States Attorney for the Southern District of New York for a stay of the proceedings until December 13, 2013 (the "Motion"). Counsel for defendant Ann Freedman, Boies, Schiller & Flexner LLP, joins in this letter.

Defendants do not oppose the concept of a stay until December 13. As is stated in the Motion, however, we respectfully request that the motions to dismiss the complaint now *sub judice* in the *De Sole* and *Howard* actions be excepted from such a stay. The U.S. Attorney's office has indicated that it takes no position on this issue.[1] In addition, and of great significance to defendants, we are aware that at least one of the plaintiffs in the three more recent actions has requested that plaintiff *Howard* produce all of the documents and expert reports produced by defendants in the *Howard* litigation. We have reached agreement that none of those materials would be produced presently and have specifically objected to the disclosure of the expert reports. We have granted plaintiffs in the three recent actions several extensions of their time to produce documents in order to maintain parity in the positions of the parties pending Your Honor's consideration of the stay application. Our agreement to a stay is given with the clear understanding that none of defendants' document production or expert reports in the *Howard* and *De Sole* actions has been or will be made available to the *Hilti, White* or *Taubman* plaintiffs. To the extent that any of the plaintiffs in these cases has gained access to those materials, we request

---

[1] We understand from the Motion and from conversations with Assistant U.S. Attorney Jason Hernandez that none of the plaintiffs has voiced opposition to a stay or requested any conditions. Accordingly, we address only the request regarding the motions to dismiss.

Fulbright & Jaworski LLP is a limited liability partnership registered under the laws of Texas.

Fulbright & Jaworski LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa (incorporated as Deneys Reitz, Inc.), each of which is a separate legal entity, are members of Norton Rose Fulbright Verein, a Swiss Verein. Details of each entity, with certain regulatory information, are at nortonrosefulbright.com. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients.

52993095.1

NORTON ROSE FULBRIGHT

that they be ordered to complete their own document production promptly. We respectfully request that the Court incorporate that condition into any order which may issue regarding a stay.

Defendants filed the motions to dismiss in *De Sole* and *Howard* in November 2012 and February 2013, respectively. The motions seek the following relief: (i) dismissal of all claims against defendant Michael Hammer; (ii) dismissal of all claims against defendant 8-31 Holdings (8-31 is not a named defendant in the *De Sole* action, but plaintiffs moved in April 2013 to add 8-31 as a party); (iii) dismissal of the breach of warranty claim (asserted in *Howard* only) on the grounds that the statute of limitations has expired; (iv) dismissal of the fraud and RICO claims for failure to state a claim pursuant to Rules 9(b) and 12(b)(6) and on the grounds that the statutes of limitations have expired; and (v) dismissal of all other claims pursuant to Rule 12(b)(6). Each of these positions tests the merits of plaintiffs' claims as a matter of law. They do not implicate any of the bases for a stay which are raised in the Motion, and they do not carry any prospect of interfering in any way with the ongoing investigation into the conduct of defendant Glafira Rosales or the testimony of witnesses. Rather, determination of these motions will serve to clarify and focus the nature and scope of the cases and potentially result in considerable conservation of time and resources for each of the parties involved, including the United States Attorney's office. *See, e.g. SEC v. Jones*, 2005 WL 2837462, *1 (S.D.N.Y. Oct. 28, 2005) (Sweet, J.) (goal of stay is to avoid prejudice; stay should be crafted "so as not to impinge on criminal proceedings"); *SEC v. Doody*, 186 F. Supp. 2d 379, 382 (S.D.N.Y. 2002) (Kaplan, J.) (permitting certain aspects of the case that did not impact legitimate concerns in criminal case to proceed despite stay).

We respectfully submit that all of the parties will be better served if at the expiration of the stay period, whether in December or after, the scope of the cases is defined. Specifically, when the stay is lifted, the *De Sole* and *Howard* cases will turn immediately to costly expert discovery. The three more recent cases will commence document and deposition discovery and defendants likely will seek leave to file motions to dismiss. Each of these exercises will be directly and significantly impacted by the identities of the remaining defendants and the scope of the remaining claims, if any ultimately survive. By contrast, a lapse in time in disposition of the motions after the stay is lifted is likely to lead to uncertainty, additional disputes among the parties and added cost.

At the same time, there is no possibility of prejudice to plaintiffs should this Court decide the motions during the pendency of a stay. A determination of the viability of the claims as a matter of law ultimately will be issued, and requires no further expenditure of time or resources by plaintiffs. Such a determination will assist in informing plaintiffs' views of the value, if any, of their cases and will enable an efficient approach to post-stay discovery should it proceed. These are objectives in which plaintiffs should join, and which are consistent with the decisional law

with respect to the imposition of stays in civil cases.[2] *See SEC v. One or More Unknown Purchasers of Securities of Global Indus., Ltd.*, 2012 WL 5505738, *4 (S.D.N.Y. Nov. 9, 2012) (Abrams, J.) ("[t]he Court has an interest in the efficient resolution of the Civil Case" and the stay should serve that interest where possible); *In re Worldcom, Inc. Secs. Litig.*, 2002 WL 31729501 (S.D.N.Y. Dec. 5, 2002) (Cote, J.) (noting that resolution of issues raised in a motion to dismiss "should be resolved now and not left for future resolution," because delaying resolution during the pendency of a stay "could . . . significantly delay the completion of discovery or a trial.").

We respectfully submit that excepting from the stay the disposition of the pending motions to dismiss, which Your Honor already has indicated is anticipated in due course, increases efficiency of the cases and reduces costs and uncertainty for all parties. We therefore request that the Court issue the stay requested in the Motion with the exception of determining the motions to dismiss and subject to the condition regarding production of documents.

Respectfully,

*[signature]*

Charles D. Schmerler
CDS/ck

cc: Gregory A. Clarick, Esq.
Emily Reisbaum, Esq.
Aaron Crowell, Esq.
John R. Cahill, Esq.
Ronald W. Adelman, Esq.
Paul Cossu, Esq.
Nicholas A. Gravante, Jr., Esq.
Luke Nikas, Esq.
Silvia L. Serpe, Esq.
Paul W. Ryan, Esq.
Anastasios Sarikas, Esq.
James A. Janowitz, Esq.
William L. Charron, Esq.
Stephanie R. Kline, Esq.
David J. Eiseman, Esq.
Beth E. Nagalski, Esq.
Daniel H. Weiner, Esq.
Webster D. McBride, Esq.

---

[2] We note that Your Honor previously has stayed the filing of motions to dismiss in the *Hilti, White* and *Taubman* actions pending determination of the *De Sole* and *Howard* motions. Considerations of efficiency thus already have been expressed by this Court.