

# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036  Tel: 212-421-4100  Fax: 212-326-0806

www.pryorcashman.com

**William L. Charron**
Partner

Direct Tel: 212-326-0156
Direct Fax:  212-798-6927
wcharron@pryorcashman.com

January 6, 2015

**VIA ECF & FACSIMILE (212-805-7986)**
Hon. Paul G. Gardephe
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York  10007

Re:  *The Martin Hilti Family Trust v. Knoedler Gallery, LLC, et al. 13 civ 0657 (PGG)(HBP)*
*White v. Freedman, et al., 13 civ 1193 (PGG)(HBP)*
*The Arthur Taubman Trust v. Knoedler Gallery LLC et al., 13 civ 3011 (PGG)(HBP)*
*Silverman v. Knoedler Gallery, LLC et al., 13 civ. 8495 (PGG)(HBP)*
*Cohen v. Freedman et al., 13 civ 8515 (PGG)(HBP)*

Dear Judge Gardephe:

We respectfully submit this joint letter on behalf of all plaintiffs in the above-referenced actions in response to the December 22, 2014 letter from Mr. Schmerler sent on behalf of the Knoedler/Hammer Defendants and their co-defendant Ann Freedman.  Contrary to the tenor of Mr. Schmerler's letter, the recent, single-page decision in *MAFG Art Fund, LLC v. Gagosian,* 2014 NY Slip Op. 08499 (Dec. 4, 2014), breaks no new ground and does not support the Knoedler/Hammer Defendants' and Ms. Freedman's pending Rule 12(b)(6) motions to dismiss in the above-referenced actions.

The Defendants demand a finding by this Court, "as a matter of law" at the pleadings stage, that none of the above-referenced Plaintiffs could have acted with reasonable or justifiable reliance when they believed Knoedler was selling them authentic works of art.  Defendants unsuccessfully demanded a similar finding in the related *De Sole* and *Howard* actions.  This Court instead found:   "[The] question of what constitutes reasonable reliance is always nettlesome because it is so fact intensive.... Knoedler was a highly esteemed art gallery that had been in business for more than one hundred years, and Defendants have not shown as a matter of law that Plaintiffs should have suspected a fraud." *De Sole v. Knoedler Gallery, LLC,* 974 F. Supp. 2d 274, 313 (S.D.N.Y. 2013).

*MAFG Art Fund* does nothing to negate this Court's ruling in *De Sole.*  The question in *MAFG* was whether an art dealer "misrepresented the value of certain works of art and that the

# PRYOR CASHMAN LLP

Hon. Paul G. Gardephe
January 6, 2015
Page 2

values were supported by market data, when they were not." 2014 NY Slip Op 08499. The court found that the sophisticated plaintiffs could not have acted reasonably as a matter of law where it was uncontested that they did nothing to explore the representation about the existence of "market data" despite the fact that the data was not entirely private or uniquely available to the art dealer.

The Knoedler cases are distinguishable. Knoedler and Freedman did not claim to possess publicly available "market" data to support a purportedly verifiable price; they claimed that they possessed facts about provenance that had to be maintained confidentially and that the purported prior owner had to remain anonymous -- claims that are not at all unusual in the art world, and that only highlight a buyer's reliance on the name and reputation of the dealer making them. *See Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.*, 343 F.3d 189, 195 (2d Cir. 2003) (explaining that a plaintiff's reasonable reliance must be evaluated according to the "entire context of the transaction").

Nothing at the pleadings stage even suggests that Plaintiffs had any chance of accessing Knoedler's and Freedman's private "Rosales File," had any chance of discovering the truth about "Mr. X" and Freedman's lack of dealings with "Mr. X," or had any chance of uncovering the highly suspicious terms under which Knoedler and Freedman acquired and paid for a trove of fake art. These facts rested peculiarly within the knowledge of the Defendants and, as Plaintiffs allege, Defendants were determined to conceal them as part of their Scheme, regardless of whatever questions potential buyers asked. *E.g., Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 181 (2d Cir. 2007) (explaining that where "misrepresentations relate to matters peculiarly within the other party's knowledge," the "wronged party may rely on them without further investigation").

As a core element of the Scheme, Knoedler and Freedman are additionally alleged to have affirmatively traded on their own names and reputations to generate the existence of a fraudulent enterprise to sell forged paintings -- *e.g.*, by relying on the "Knoedler" name to exhibit fake works as though they were authentic at some of the most prestigious art shows, and by leveraging the names of high profile "viewers" of the works to provide a false sense of imprimatur, among other things. Such facts do not exist in *MAFG.*

*MAFG* adds nothing to Defendants' motions to dismiss, and the Plaintiffs in each of the above-referenced actions respectfully request that the Court deny all such motions.

Respectfully,

William L. Charron

cc:   All counsel (via PDF)