

**PRYOR CASHMAN LLP**

New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

www.pryorcashman.com

William L. Charron
Partner
Direct Tel: 212-326-0156
Direct Fax: 212-798-6927
wcharron@pryorcashman.com

February 6, 2015

**BY ECF & FEDEX**

Hon. Paul G. Gardephe
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *The Martin Hilti Family Trust v. Knoedler Gallery, LLC*, No. 13 Civ. 0657 (PGG)(HBP);
*The Arthur Taubman Trust v. Knoedler Gallery, LLC*, No. 13 Civ. 3011 (PGG)(HBP)

Dear Judge Gardephe:

We respectfully submit this joint letter on behalf of the plaintiffs in the two above-referenced actions (the "Plaintiffs"). We write: (1) to join in the letter dated February 6, 2015 from John Cahill, counsel for plaintiffs in *Cohen, et ano v. Freedman, et al.*, No. 13 Civ. 8515 (PGG)(HBP); and (2) to bring to the Court's attention another portion of the recent decision (enclosed) from Judge Oetken denying the motions to dismiss made by, *inter alia*, defendants Jaime Andrade and Oliver Wick in the matter captioned *Fertitta, III, et al. v. Knoedler Gallery, LLC, et al.*, 14 Civ. 2259 (JPO), that is relevant to the motions to dismiss pending in the above-referenced actions.

In addition to the RICO and fraud claims addressed in Mr. Cahill's letter, the *Fertitta* plaintiffs also asserted a breach of warranty claim against defendant Oliver Wick, the broker through whom Knoedler sold the Rosales work at issue in that case. (The *Fertitta* plaintiffs did not deal directly with Knoedler.) Wick moved to dismiss on statute of limitations grounds, noting that the action had been filed more than four years after the sale and arguing that he "did nothing to toll the statute of limitations after the initial sale." Judge Oetken disagreed, holding that the limitations period was tolled because Wick "continued to communicate with Plaintiffs well after the transaction" and made "statements [that] can plausibly be read to suggest that Wick was continuing to affirm the legitimacy of the painting"—specifically, telling the plaintiffs that he had another "Rothko" to offer that was a "perfect match." 2015 WL 374968, at *13.

The Plaintiffs in the *The Arthur Taubman Trust, et al. v. Knoedler Gallery, LLC, et al.*, 13 Civ. 3011 (PGG)(HBP) and *The Martin Hilti Family Trust v. Knoedler Gallery, LLC, et al.*, 13 Civ. 0657 (PGG)(HBP) actions similarly assert breach of warranty claims against one or more of the defendants, including Knoedler. As each of these Plaintiffs argued in their oppositions to those defendants' motions to dismiss, like Wick, Knoedler "continu[ed] to communicate" with each Plaintiff after their respective purchases and, in doing so, made statements that "continu[ed] to affirm the legitimacy" of Knoedler's prior dealings with Plaintiffs. *See* Martin Hilti Family Trust's Opp'n to Knoedler and

# PRYOR CASHMAN LLP

Hon. Paul G. Gardephe
February 6, 2015
Page 2

Freedman's Motions to Dismiss, *The Martin Hilti Family Trust v. Knoedler Gallery, LLC*, No. 13 Civ. 0657 (PGG)(HBP), Dkt No. 100, at pp. 8, 11, 24-27; The Arthur Taubman Trust's Opp'n to Defendants' Motions to Dismiss, *The Arthur Taubman Trust, et al. v. Knoedler Gallery, LLC, et al.*, 13 Civ. 3011 (PGG)(HBP), Dkt No. 68, at pp. 8, 39.  As New York law provides, *Fertitta* holds, and these Plaintiffs have argued, such post-sale misrepresentations and deceptions toll the statute of limitations for breach of warranty.[1]

        We thank the Court for its consideration.

                                        Respectfully submitted,

                                        William L. Charron

cc:  All counsel of record (via ECF and email)

---

[1] Plaintiffs respectfully submit that Judge Oetken's rationale in *Fertitta* similarly applies to Plaintiffs' causes of action for unilateral mistake, mutual mistake, and violations of §§ 349 and 350 of New York General Business Law, and, thus, these claims should also be sustained.