# NORTON ROSE FULBRIGHT

Norton Rose Fulbright US LLP
666 Fifth Avenue, 31st Floor
New York, New York  10103-3198
United States

February 23, 2015

**Charles D. Schmerler**
Partner
Direct line +1 212 318 3021
charles.schmerler@nortonrosefulbright.com

**Via ECF**

Hon. Paul G. Gardephe
United States District Court
for the Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York  10007

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

Re:   *The Arthur Taubman Trust v. Knoedler Gallery LLC*, 13 Civ. 3011 (PGG)(HBP)

Dear Judge Gardephe:

We represent defendant Knoedler Gallery LLC in the above-referenced action.  We are writing in response to the letter to Your Honor from William L. Charron, dated February 6, 2015.  Mr. Charron's letter seeks to bring to the Court's attention a portion of the decision in *Fertitta III, et al. v. Knoedler Gallery LLC, et al.*, 14 Civ. 2259 (JPO) that plaintiffs argue is relevant to the pending motion to dismiss plaintiffs' claim for breach of warranty.  Contrary to plaintiffs' assertion, the allegations in *Fertitta* differ materially from those in this action, and Judge Oetken's reasoning in *Fertitta* does not weigh in favor of denying Knoedler's motion to dismiss.

In *Fertitta*, Judge Oetken held that later communications by Oliver Wick, the individual who allegedly sold the work of art at issue, that plausibly could be read to "continu[e] to affirm the legitimacy of the Painting," were adequate at the pleading stage to toll the statute of limitations on plaintiff's warranty claim.  The Taubman amended complaint does not contain any allegation of further communications sufficient to toll the limitations period on plaintiffs' warranty claim.  While Mr. Charron's February 6 letter addresses several references in the Taubman plaintiffs' opposition to Knoedler's motion to dismiss that purport to refer to further communications by Knoedler that "continu[ed] to affirm the legitimacy of the [work]," examination of those citations reveals that the Taubman plaintiffs make no allegation whatsoever that Knoedler engaged in subsequent communications with them regarding the work.  (2/6/15 Letter at 2 (citing Dkt. 68 at 8, 39).)  The first cited page contains no reference at all to any communication between Knoedler and the plaintiff.  (Dkt. 68 at 8.)  The second alleges that Knoedler continued to do business with plaintiffs while concealing from them certain alleged indicators of the Rosales Collection's inauthenticity.  (*Id*. at 39.)  Nowhere in plaintiffs' opposition to Knoedler's motion to dismiss, or in their complaint, do they allege any subsequent communication by or on behalf of Knoedler that "continu[ed] to affirm the legitimacy of the [work]."  Accordingly, the decision in

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

53940251.2

Hon. Paul G. Gardephe
February 23, 2015
Page 2

**NORTON ROSE FULBRIGHT**

*Fertitta* does not provide any support for plaintiffs' warranty claim, and the claim should be dismissed as untimely.

Respectfully,

Charles D. Schmerler

CDS/ck

cc:   All Counsel of Record
      (via ECF Filing)

53940251.2