

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

March 2, 2015

VIA ECF AND FACSIMILE (212-805-7986)

Hon. Paul G. Gardephe
United States District Court for the
Southern District of New York
40 Foley Square, Room 2240
New York, New York 10007

    Re:  *The Arthur Taubman Trust, et al. v. Knoedler Gallery, LLC, et al.*,
          13 Civ. 3011 (PGG) (HBP)

Dear Judge Gardephe:

      We represent plaintiffs in this action. We write in reply to the letter to Your Honor from Charles D. Schmerler, writing on behalf of defendant Knoedler Gallery, LLC ("Knoedler"), dated February 23, 2015 (ECF No. 79). That letter both misreads plaintiffs' opposition to Knoedler's motion to dismiss the Amended Complaint ("Pltf.'s Opp.," ECF No. 68) and mischaracterizes the letter to Your Honor from William L. Charron to which Mr. Schmerler's letter responds (ECF No. 77).

      Despite Mr. Schmerler's insinuations to the contrary, plaintiffs have alleged that, subsequent to selling them the purported Clyfford Still painting that is the subject of this lawsuit, Knoedler continued to communicate with plaintiffs in such a way as to "affirm the legitimacy" of its prior dealings with them. *Fertitta III v. Knoedler Gallery, LLC*, No. 14 Civ. 2259, 2015 WL 374968, at *13 (S.D.N.Y. Jan. 29, 2015); *see, e.g.*, Am. Compl. ¶ 127, ECF No. 39 (quoting Knoedler's president's statement that "[Knoedler's] invoice is always [Knoedler's] legal guarantee"); Pltf.'s Opp. at 8 (describing Knoedler's president's efforts "to assure plaintiffs that Knoedler's guarantees were always reliable"); *id.* at 39 (same). While plaintiffs have not alleged that Knoedler's subsequent communications specifically referenced the purported "Still" work, there is no reason why Knoedler's statement to plaintiffs that its invoice "is always [its] legal guarantee" would not affirm the authenticity of a painting that Knoedler had previously sold to plaintiffs pursuant to an invoice every bit as much as would an express reference to such a painting that made no reference to authenticity (as

was the case in *Fertitta*, *see* 2015 WL 374968, at *13). Moreover, Knoedler's own motion papers concede that Knoedler *did* in fact expressly refer to the purported "Still" while subsequently negotiating Knoedler's contemplated sale of a purported "Pollock" to plaintiffs in 2007 — thereby "affirm[ing] the legitimacy of the painting" in precisely the same manner as in *Fertitta*. (*See* Memo. of Law of Defs. 8-31 Holdings and Knoedler Gallery, LLC, in Support of Their Mot. to Dismiss at 4, ECF No. 64 ("During those negotiations, Freedman and Knoedler informed plaintiffs' lawyer that 'the Taubmans have acquired another painting from the same family collection, a Clyfford Still from 1947.'").) Accordingly, Judge Oetken's decision in *Fertitta* supports the Court's application, in this action, of equitable tolling to plaintiffs' breach-of-warranty, mistake and NYGBL claims.

Plaintiffs also maintain their other arguments for the application of equitable tolling to these claims — *i.e.*, that (i) Knoedler carried out affirmative acts (not limited to those affirming the legitimacy of its past sales) that prevented plaintiffs from discovering their injury; and (ii) Knoedler's misconduct was self-concealing. (*See generally* Pltf.'s Opp. at 37–43.)

Respectfully submitted,

Webster D. McBride

cc:   All counsel of record (via ECF)