```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY  FILED                │
│ DOC #: _____                │
│ DATE FILED: ___7/17/15___            │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCES HAMILTON WHITE,<br><br>                     Plaintiff,<br>      - against -<br>ANN FREEDMAN, et al.,<br><br>                    Defendants. | 13-cv-1193 (PGG) (HBP) |
| MANNY SILVERMAN GALLERY, INC. et al.,<br><br>                     Plaintiffs,<br>      - against -<br>KNOEDLER GALLERY, LLC, et al.<br><br>                    Defendants. | 13-cv-08495 (PGG) (HBP) |
| COHEN, et al.<br><br>                     Plaintiffs,<br>      - against -<br>FREEDMAN et al.,<br><br>                    Defendants. | 13-cv-08515 (PGG) (HBP) |
| THE ARTHUR TAUBMAN TRUST, et al.<br><br>                     Plaintiffs,<br>      - against -<br>KNOEDLER GALLERY, LLC , et al.<br><br>                    Defendants. | 13-cv-03011 (PGG) (HBP) |
| THE MARTIN HILTI FAMILY TRUST,<br><br>                     Plaintiff,<br>      - against -<br>KNOEDLER GALLERY, LLC, et al.,<br><br>                    Defendants. | 13-cv-00657 (PGG)(HBP) |

58571198.1

## STIPULATION AND ORDER

WHEREAS the Court entered a Civil Case Management Plan and Scheduling Order on October 24, 2014 setting July 31, 2015 as the deadline for the completion of fact discovery;

WHEREAS on or about May 11, 2015, counsel for Plaintiffs requested an extension of the fact discovery period until about mid-September 2015 due to certain scheduling conflicts that had arisen that made the completion of all depositions by July 31, 2015 impracticable and unrealistic;

WHEREAS counsel for Defendants indicated a willingness to cooperate but indicated that they had scheduling conflicts through most of August and September and thus asked the extension to last until about mid-November 2015;

WHEREAS during a conference before Magistrate Judge Pitman on May 27, 2015, Plaintiffs' counsel asked whether the Court would have any concerns with the parties stipulating to extend the fact discovery deadline, to which Magistrate Judge Pitman responded that the Court did not have any particular concerns but indicated that counsel for the parties should confer about "a realistic schedule for the depositions that you want to take and then seek an extension based on that realistic schedule";

WHEREAS at the time of the initially requested extension five depositions had been noticed by Plaintiffs and counsel for Knoedler Gallery, LLC, 8-31 Holdings, Inc., Hammer Galleries, LLC and Michael Hammer had entered into discussions with Plaintiffs' counsel regarding acceptance of service and scheduling of 17 depositions;

WHEREAS during negotiations regarding the extension counsel for defendants Knoedler Gallery LLC, 8-31 Holdings, Inc., Hammer Galleries, LLC, Michael Hammer and Ann Freedman (collectively, "Defendants") advised that any agreement to an extension was contingent upon obtaining an advance list of depositions that plaintiffs reasonably anticipate conducting;

WHEREAS, counsel for defendants advised that they were prepared to extend the deadline for fact discovery in a manner which would permit the parties to complete such depositions as otherwise reasonably could have been completed between plaintiffs' request for an extension and July 31, 2015;

WHEREAS Plaintiffs' counsel provided in good faith advance lists to Defendants' counsel of reasonably anticipated further depositions, subject to Plaintiffs' right to amend that list based upon the development of discovery, and Defendants' counsel did not object to such lists;

WHEREAS having conferred and consulted regarding deponents, the parties have agreed that such depositions should be completed within the time period set forth below;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Plaintiffs in the above-captioned actions and defendants Knoedler Gallery, LLC, 8-31 Holdings, Inc., Hammer Galleries, LLC, Michael Hammer, Ann Freedman and Jaime R. Andrade (collectively, the "Parties") through their respective counsel as follows:

1.     The deadline to complete fact discovery shall be extended to November 20, 2015 and a Revised Civil Case Management Plan and Scheduling Order shall be submitted to the Court in a form substantially identical to Exhibit A hereto.

2.     The Parties have agreed to the following deposition dates prior to July 31, 2015: Ernst & Young — July 28, 2015; Friedman LLP — July 29, 2015; Richard Lynch — July 30-July 31, 2015.

3.     Absent prior written agreement of all Parties, no deposition other than the depositions of Francis H. White, Harvey White or Thea Westreich may be taken between July 31, 2015 and September 15, 2015. If such depositions do not proceed to completion within this time period, they may be conducted between September 15, 2015 and November 20, 2015.

4.     The Parties have advised that they currently intend to notice the following depositions in the above-captioned actions to be completed prior to November 20, 2015:

Plaintiffs intend to notice (or have noticed) the depositions of (a) a corporate representative of Hammer Galleries; (b) a corporate representative of Knoedler Gallery, LLC; (c) a corporate representative of 8-31 Holdings, Inc.; (d) Ann Freedman; (e) Michael Hammer; (f) Ruth Blankschen; (g) Howard Shaw; (h) Ernst & Young; (i) Friedman LLP; (j) Dru Hammer; (k) Richard Lynch; (l) Ken Johnson; (m) Dean Sobel (n) William Agee; (o) Joachim Pissarro; (p) Stephen Polcari; and (q) Glafira Rosales.

Defendants intend to notice (or have noticed) the depositions of (a) Frances Hamilton White; (b) Harvey White; (c) a corporate representative of the Arthur Taubman Trust; (d) Eugenia Taubman; (e) Nicholas Taubman; (f) Thea Westreich; (g) Georg

Shandor Hayde; and (h) a possible continuation of the deposition of corporate designee Michael Hilti based upon whether or not Plaintiff Martin Hilti Family Trust determines the need to make a supplemental document production.

5.    The Parties currently reasonably intend not to conduct depositions other than those listed in paragraph 4; provided, however, that nothing in this stipulation shall be deemed to preclude any party from noticing any additional deposition(s) based upon the development of other discovery, or moving to quash such notice or subpoena on the argued grounds that such deposition is excessive and would not have been able to be taken within the initial Court-ordered discovery deadline of July 31, 2015.

6.    The Parties shall use their best efforts to coordinate all depositions with counsel in the *Fertitta v. Knoedler Gallery LLC* matter so that witnesses will be deposed only once.

Dated:  New York, New York
     July ___, 2015

GOLENBOCK EISEMAN ASSOR BELL &
PESKOE LLP

By: _____
    David J. Eiseman
    Michael Munoz
437 Madison Avenue, 35th Floor
New York, New York 10022
(212) 907-7300
*Attorneys for Plaintiff Francis Hamilton White*

HUGHES HUBBARD & REED LLP

By: _____
    Daniel H. Weiner
    Webster D. McBride
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000
*Attorneys for Plaintiffs The Arthur Taubman
Trust, Eugenia Taubman and Nicholas
Taubman*

CLARICK GUERON & REISBAUM LLP

By: _____
    Gregory A. Clarick
    Aaron Crowell
220 Fifth Avenue
New York, New York 10001
(212) 633-4310
*Attorneys for Manny Silverman Gallery, Inc.
and Richard L. Feigen & Co., Inc.*

PRYOR CASHMAN LLP

By: _____
    James A. Janowitz
    William L. Charron
7 Times Square
New York, New York 10036
(212) 421-4100
*Attorneys for Plaintiff The Martin Hilti Family
Trust*

CAHILL PARTNERS LLP

By: _____
    John R. Cahill
    Paul Cossu
70 West 40th Street
New York, New York 10018
(212) 719-4400
*Attorneys for Plaintiffs Martin L. Cohen and
Sharleen Cooper Cohen*

BOIES SCHILLER & FLEXNER LLP

By: _____
    Luke W. Nikas
30 South Pearl Street
Albany, New York 12207
(518) 434-0600
*Attorneys for Defendant Ann Freedman*

58571198.1

- 6 -

Dated:  New York, New York
       July \_\_\_, 2015

GOLENBOCK EISEMAN ASSOR BELL &
PESKOE LLP

By: _____
    David J. Eiseman
    Michael Munoz
437 Madison Avenue, 35th Floor
New York, New York 10022
(212) 907-7300
*Attorneys for Plaintiff Francis Hamilton White*

HUGHES HUBBARD & REED LLP

By: _____
    Daniel H. Weiner
    Webster D. McBride
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000
*Attorneys for Plaintiffs The Arthur Taubman
Trust, Eugenia Taubman and Nicholas
Taubman*

CLARICK GUERON & REISBAUM LLP

By: _____
    Gregory A. Clarick
    Aaron Crowell
220 Fifth Avenue
New York, New York 10001
(212) 633-4310
*Attorneys for Manny Silverman Gallery, Inc.
and Richard L. Feigen & Co., Inc.*

PRYOR CASHMAN LLP

By: _____
    James A. Janowitz
    William L. Charron
7 Times Square
New York, New York 10036
(212) 421-4100
*Attorneys for Plaintiff The Martin Hilti Family
Trust*

CAHILL PARTNERS LLP

By: _____
    John R. Cahill
    Paul Cossu
70 West 40th Street
New York, New York 10018
(212) 719-4400
*Attorneys for Plaintiffs Martin L. Cohen and
Sharleen Cooper Cohen*

BOIES SCHILLER & FLEXNER LLP

By: _____
    Luke W. Nikas
30 South Pearl Street
Albany, New York 12207
(518) 434-0600
*Attorneys for Defendant Ann Freedman*

Dated: New York, New York
      July 7, 2015

GOLENBOCK EISEMAN ASSOR BELL &
PESKOE LLP

By: _____
      David J. Eiseman
      Michael Munoz
437 Madison Avenue, 35th Floor
New York, New York 10022
(212) 907-7300
*Attorneys for Plaintiff Francis Hamilton White*


HUGHES HUBBARD & REED LLP

By: _____
      Daniel H. Weiner
      Webster D. McBride
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000
*Attorneys for Plaintiffs The Arthur Taubman
Trust, Eugenia Taubman and Nicholas
Taubman*


CLARICK GUERON & REISBAUM LLP

By: _____
      Gregory A. Clarick
      Aaron Crowell
220 Fifth Avenue
New York, New York 10001
(212) 633-4310
*Attorneys for Manny Silverman Gallery, Inc.
and Richard L. Feigen & Co., Inc.*


PRYOR CASHMAN LLP

By: _____
      James A. Janowitz
      William L. Charron
7 Times Square
New York, New York 10036
(212) 421-4100
*Attorneys for Plaintiff The Martin Hilti Family
Trust*


CAHILL PARTNERS LLP

By: _____
      John R. Cahill
      Paul Cossu
70 West 40th Street
New York, New York 10018
(212) 719-4400
*Attorneys for Plaintiffs Martin L. Cohen and
Sharleen Cooper Cohen*


BOIES SCHILLER & FLEXNER LLP

By: _____
      Luke W. Nikas
30 South Pearl Street
Albany, New York 12207
(518) 434-0600
*Attorneys for Defendant Ann Freedman*

Dated: New York, New York
July ___ , 2015

GOLENBOCK EISEMAN ASSOR BELL &
PESKOE LLP

By: _____
    David J. Eiseman
    Michael Munoz
437 Madison Avenue, 35th Floor
New York, New York 10022
(212) 907-7300
*Attorneys for Plaintiff Francis Hamilton White*

HUGHES HUBBARD & REED LLP

By: _____
    Daniel H. Weiner
    Webster D. McBride
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000
*Attorneys for Plaintiffs The Arthur Taubman
Trust, Eugenia Taubman and Nicholas
Taubman*

CLARICK GUERON & REISBAUM LLP

By: _____
    Gregory A. Clarick
    Aaron Crowell
220 Fifth Avenue
New York, New York 10001
(212) 633-4310
*Attorneys for Manny Silverman Gallery, Inc.
and Richard L. Feigen & Co., Inc.*

PRYOR CASHMAN LLP

By: _____
    James A. Janowitz
    William L. Charron
7 Times Square
New York, New York 10036
(212) 421-4100
*Attorneys for Plaintiff The Martin Hilti Family
Trust*

CAHILL PARTNERS LLP

By: _____
    John R. Cahill
    Paul Cossu
70 West 40th Street
New York, New York 10018
(212) 719-4400
*Attorneys for Plaintiffs Martin L. Cohen and
Sharleen Cooper Cohen*

BOIES SCHILLER & FLEXNER LLP

By: _____
    Luke W. Nikas
30 South Pearl Street
Albany, New York 12207
(518) 434-0600
*Attorneys for Defendant Ann Freedman*

Dated:  New York, New York
        July ___, 2015

GOLENBOCK EISEMAN ASSOR BELL &       PRYOR CASHMAN LLP
PESKOE LLP


By: _____       By: _____
        David J. Eiseman                          James A. Janowitz
        Michael Munoz                             William L. Charron
437 Madison Avenue, 35th Floor            7 Times Square
New York, New York 10022                  New York, New York 10036
(212) 907-7300                            (212) 421-4100
*Attorneys for Plaintiff Francis Hamilton White*   *Attorneys for Plaintiff The Martin Hilti Family*
                                          *Trust*


HUGHES HUBBARD & REED LLP                 CAHILL PARTNERS LLP


By: _____       By: _____
        Daniel H. Weiner                          John R. Cahill
        Webster D. McBride                        Paul Cossu
One Battery Park Plaza                    70 West 40th Street
New York, New York 10004-1482             New York, New York 10018
(212) 837-6000                            (212) 719-4400
*Attorneys for Plaintiffs The Arthur Taubman*   *Attorneys for Plaintiffs Martin L. Cohen and*
*Trust, Eugenia Taubman and Nicholas*     *Sharleen Cooper Cohen*
*Taubman*


CLARICK GUERON & REISBAUM LLP            BOIES SCHILLER & FLEXNER LLP


By: _____       By: _____
        Gregory A. Clarick                        Luke W. Nikas
        Aaron Crowell                     30 South Pearl Street
220 Fifth Avenue                          Albany, New York 12207
New York, New York 10001                  (518) 434-0600
(212) 633-4310                            *Attorneys for Defendant Ann Freedman*
*Attorneys for Manny Silverman Gallery, Inc.*
*and Richard L. Feigen & Co., Inc.*

SERPE RYAN LLP

By: _____
     Silvia L. Serpe
     Paul W. Ryan
1115 Broadway, 11th Floor
New York, New York 10010
(212) 257-5010
*Attorneys for Defendant Jaime R. Andrade*

NORTON ROSE FULBRIGHT US LLP

By: _____ .
     Charles D. Schmerler
     Mark A. Robertson
666 Fifth Avenue
New York, New York 10103
(212) 318-3000
*Attorneys for Defendants Knoedler Gallery,
LLC, 8-31 Holdings, Inc., Hammer Galleries
LLC and Michael Hammer*

SO ORDERED

_____
Hon. Henry B. Pitman, U.S.M.J.

SERPE RYAN LLP

By: _____
    Silvia L. Serpe
    Paul W. Ryan
1115 Broadway, 11ᵗʰ Floor
New York, New York 10010
(212) 257-5010
*Attorneys for Defendant Jaime R. Andrade*

NORTON ROSE FULBRIGHT US LLP

By: _____
    Charles D. Schmerler
    Mark A. Robertson
666 Fifth Avenue
New York, New York 10103
(212) 318-3000
*Attorneys for Defendants Knoedler Gallery,*
*LLC, 8-31 Holdings, Inc., Hammer Galleries*
*LLC and Michael Hammer*

SO ORDERED

_____
Hon. Henry B. Pitman, U.S.M.J.
    7 - 17 - 15

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCES HAMILTON WHITE,<br><br>                         Plaintiff,<br>      - against -<br><br>ANN FREEDMAN, et al.,<br><br>                         Defendants. | 13-cv-1193 (PGG) (HBP) |
| MANNY SILVERMAN GALLERY, INC. et al.,<br><br>                         Plaintiffs,<br>      - against -<br><br>KNOEDLER GALLERY, LLC, et al.<br><br>                         Defendants. | 13-cv-08495 (PGG) (HBP) |
| COHEN, et al.<br><br>                         Plaintiffs,<br>      - against -<br><br>FREEDMAN et al.,<br><br>                         Defendants. | 13-cv-08515 (PGG) (HBP) |
| THE ARTHUR TAUBMAN TRUST, et al.<br><br>                         Plaintiffs,<br>      - against -<br><br>KNOEDLER GALLERY, LLC , et al.<br><br>                         Defendants. | 13-cv-03011 (PGG) (HBP) |
| THE MARTIN HILTI FAMILY TRUST,<br><br>                         Plaintiff,<br>      - against -<br><br>KNOEDLER GALLERY, LLC, et al.,<br><br>                         Defendants. | 13-cv-00657 (PGG)(HBP) |

58571024.1

1

## REVISED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

HON. HENRY PITMAN, U.S.D.J.:

After consultation with counsel for the parties, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1.    All parties do not consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

2.    This case is to be tried to a jury.

3.    A party may not amend its pleadings or join additional parties except with leave of the Court.

4.    The parties must complete their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than 14 days from the date of this Order.

5.    The parties must complete <u>fact</u> discovery no later than November 20, 2015.

6.    If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact discovery by the date set forth in paragraph 5. Under this Order's interim deadlines, the parties must:

    a.    Complete depositions of fact witnesses by November 20, 2015.

        i.    There is no priority in deposition by reason of a party's status as plaintiff or defendant.

    b.    Serve requests to admit no later than December 15, 2015.

7.    <u>Expert Testimony:</u> If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all expert discovery by the date set forth in paragraph 7(c).

    a.    Every party-proponent that intends to offer expert testimony in respect of a claim – including any counterclaim, cross-claim or third-party claim – must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by January 29, 2016. Every party-opponent of such claim that intends to offer expert testimony in respect of such claim must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by <u>a date to be set by the Court.</u>

    b.    No party may offer expert testimony – whether designated as "rebuttal" or otherwise – beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of the Court, application for which must be made no later than 7 calendar days after the latter of the dates specified in paragraph 7(a). The parties may depose all experts, but such depositions must occur within the time limit set

58571024.1

2

forth for expert discovery in paragraph 7(c).

c.  All expert discovery – including expert depositions, if any – must be completed no later than a date to be set by the Court.

d.  Plaintiff(s) anticipate expert testimony concerning the following issue(s):

provenance; custom and practice in the industry; valuation of the paintings at issue; conduct of Defendants; financial issues, including alter ego.

e.  Defendant(s) anticipate expert testimony concerning the following issue(s):

provenance; custom and practice in the industry; conduct of Plaintiffs; financial issues, including alter ego.

8.  Settlement:  No later than 14 days following the close of fact discovery, all counsel must meet face-to-face for at least one hour to discuss settlement.

9.  Parties seeking to make post-discovery dispositive motions should submit a letter to the Court in accordance with the Court's Individual Practices Rule 3(A) by: a date to be set by the Court.

10.  Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Federal Rule of Civil Procedure 26(a)(3).

11.  Counsel for the parties have conferred and their present best estimate of the length of trial is:  2-3 weeks                    .

12.  At the close of discovery or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the Court will set a Ready Trial Date.  At any time on or after the Ready Trial Date, the Court may call the parties to trial upon 48 hours' notice. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts – including, but not limited to, trials and vacations – that would prevent a trial at a particular time.  Such notice must come before the Court notifies counsel of an actual trial date, not after counsel receives notification of the actual trial date.  Counsel should notify the Court and all other counsel in writing, at the earliest possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

13.  Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance – signed by all parties – before the Court will remove the case from the trial calendar.  If the parties settle within 48 hours of trial or the filing of a dispositive motion, they must immediately notify the Court of such settlement, and fax to the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

58571024.1

3

**TO BE COMPLETED BY THE COURT:**

14.     [Other directions to the parties]:

15.     The Final Pretrial Conference is scheduled for <u>a date to be set by the Court</u>   .

      This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend must be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and must be made no less than five (5) days before the expiration of the date sought to be extended.

Dated: New York, New York
     July _____, 2015

                      SO ORDERED.

                               _____
                               Henry Pitman
                               United States Magistrate Judge

58571024.1