USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCES HAMILTON WHITE, <br><br> Plaintiff, <br> - against - <br><br> ANN FREEDMAN, et al., <br><br> Defendants. | 13-cv-1193 (PGG) (HBP) |
| MANNY SILVERMAN GALLERY, INC. et al., <br><br> Plaintiffs, <br> - against - <br><br> KNOEDLER GALLERY, LLC, et al. <br><br> Defendants. | 13-cv-08495 (PGG) (HBP) |
| COHEN, et al. <br><br> Plaintiffs, <br> - against - <br><br> FREEDMAN et al., <br><br> Defendants. | 13-cv-08515 (PGG) (HBP) |
| THE ARTHUR TAUBMAN TRUST, et al. <br><br> Plaintiffs, <br> - against - <br><br> KNOEDLER GALLERY, LLC, et al. <br><br> Defendants. | 13-cv-03011 (PGG) (HBP) |
| THE MARTIN HILTI FAMILY TRUST, <br><br> Plaintiff, <br> - against - <br><br> KNOEDLER GALLERY, LLC, et al., <br><br> Defendants. | 13-cv-00657 (PGG)(HBP) |

58571024.1

1

## REVISED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

HON. HENRY PITMAN, U.S.D.J.:

After consultation with counsel for the parties, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1. All parties do not consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

2. This case is to be tried to a jury.

3. A party may not amend its pleadings or join additional parties except with leave of the Court.

4. The parties must complete their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than 14 days from the date of this Order.

5. The parties must complete <u>fact</u> discovery no later than November 20, 2015.

6. If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact discovery by the date set forth in paragraph 5. Under this Order's interim deadlines, the parties must:

    a. Complete depositions of fact witnesses by November 20, 2015.

        i. There is no priority in deposition by reason of a party's status as plaintiff or defendant.

    b. Serve requests to admit no later than December 15, 2015.

7. <u>Expert Testimony:</u> If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all expert discovery by the date set forth in paragraph 7(c).

    a. Every party-proponent that intends to offer expert testimony in respect of a claim – including any counterclaim, cross-claim or third-party claim – must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by January 29, 2016. Every party-opponent of such claim that intends to offer expert testimony in respect of such claim must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by <u>a date to be set by the Court.</u>

    b. No party may offer expert testimony – whether designated as "rebuttal" or otherwise – beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of the Court, application for which must be made no later than 7 calendar days after the latter of the dates specified in paragraph 7(a). The parties may depose all experts, but such depositions must occur within the time limit set

58571024.1

forth for expert discovery in paragraph 7(c).

    c. All <u>expert</u> discovery – including expert depositions, if any – must be completed no later than <u>a date to be set by the Court</u>.

    d. Plaintiff(s) anticipate expert testimony concerning the following issue(s):

    provenance; custom and practice in the industry; valuation of the paintings at issue; <u>conduct of Defendants; financial issues, including alter ego.</u>

    e. Defendant(s) anticipate expert testimony concerning the following issue(s):

    provenance; custom and practice in the industry; conduct of Plaintiffs; financial <u>issues, including alter ego.</u>

8. <u>Settlement</u>: No later than 14 days following the close of fact discovery, all counsel must meet face-to-face for at least one hour to discuss settlement.

9. Parties seeking to make post-discovery dispositive motions should submit a letter to the Court in accordance with the Court's Individual Practices Rule 3(A) by: <u>a date to be set by the Court</u>.

10. Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Federal Rule of Civil Procedure 26(a)(3).

11. Counsel for the parties have conferred and their present best estimate of the length of trial is: <u>2-3 weeks</u>.

12. At the close of discovery or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the Court will set a <u>Ready Trial Date</u>. At any time on or after the <u>Ready Trial Date</u>, the Court may call the parties to trial upon <u>48 hours' notice</u>. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts – including, but not limited to, trials and vacations – that would prevent a trial at a particular time. Such notice must come <u>before</u> the Court notifies counsel of an <u>actual trial date, not after</u> counsel receives notification of the actual trial date. Counsel should notify the Court and all other counsel in writing, at the earliest possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

13. Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance – signed by all parties – before the Court will remove the case from the trial calendar. If the parties settle within 48 hours of trial or the filing of a dispositive motion, they <u>must</u> immediately notify the Court of such settlement, and fax to the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

58571024.1

**TO BE COMPLETED BY THE COURT:**

14. [Other directions to the parties]:

15. The Final Pretrial Conference is scheduled for <u>a date to be set by the Court</u>.

   This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and must be made no less than five (5) days before the expiration of the date sought to be extended.

Dated: New York, New York
   July /7, 2015

*NO FURTHER EXTENSION*

SO ORDERED.

Henry Pitman
United States Magistrate Judge