MEMO ENDORSE

*The application is denied.*

SO ORDERED:

*Paul Gardephe*

Paul G. Gardephe, U.S.D.J.

Date: Oct. 19, 2015

October 16, 2015

Hon. Paul G. Gardephe
United States District Court
for the Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

NORTON ROSE FULBRIGHT

Norton Rose Fulbright US LLP
666 Fifth Avenue, 31st Floor
New York, New York 10103-3198
United States

Charles D. Schmerler
Partner
Direct line +1 212 318 3021
charles.schmerler@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/15

Re: The Martin Hilti Family Trust v. Knoedler Gallery, LLC, et al. 13 civ 0657 (PGG)(HBP)
The Arthur Taubman Trust v. Knoedler Gallery LLC et al., 13 civ 3011 (PGG)(HBP)
White v. Freedman, et al., 13 civ 1193 (PGG)(HBP)
Fertitta v. Knoedler Gallery LLC, 14 cv 02259 (JPO)(HBP)

Dear Judge Gardephe:

We represent defendants Knoedler Gallery LLC, 8-31 Holdings, Inc. and Michael Hammer in the above-referenced actions (the "Later Actions").[1] Counsel for defendant Ann Freedman joins in this letter. We are writing to seek relief from Your Honor with respect to a significant scheduling issue which now arises from this Court's October 9, 2015 Memorandum Opinion and Order in the *De Sole* and *Howard* actions (the "October 9 Decision"). The parties presently have scheduled depositions or witness preparation for virtually every day between now and November 20, with additional depositions unique to the *Fertitta* action to occur after that. We have requested of plaintiffs' counsel that in light of the October 9 Decision, which sets several imminent pretrial deadlines in advance of a January 25, 2016 trial date, depositions be rescheduled to after conclusion of the trial or trials. Plaintiffs' counsel has refused.

Defendants will be extraordinarily prejudiced if they are compelled to prepare for, take and defend depositions of essential witnesses in the Later Actions while simultaneously preparing for trials of two actions which may extend as long as three weeks or a month. By contrast, plaintiffs will suffer no prejudice whatsoever if the depositions are adjourned beyond the conclusion of trial. Even they appear to recognize that the parties cannot complete anywhere near the entirety of the testimony, and therefore most of the depositions will be adjourned, with expert discovery to follow. Concluding a few depositions now serves no valid purpose. Further, and as we discuss below, the *only* reason that depositions are scheduled now is that plaintiffs themselves failed to notice testimony in a timely manner and requested an extension to the Fall of the original July 31, 2015 fact discovery deadline. Defendants had been fully prepared to complete depositions by July 31. For these reasons, we request that Your Honor direct that depositions be rescheduled after the conclusion of the *De Sole* and *Howard* trials.

---

[1] The *Fertitta* action presently is pending before Judge Oetken. We are delivering a copy of this letter to Judge Oetken simultaneous with our filing here.

54196029.1

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

Hon. Paul G. Gardephe
October 16, 2015
Page 2

NORTON ROSE FULBRIGHT

### Background

As is readily apparent, counsel for the parties in *De Sole* and *Howard* will devote an extraordinary amount of time and resources to trial preparation over the coming three months. In the Later Actions, however, at least twelve to fifteen separate witnesses are to be deposed in the twenty-five business days between next Monday and November 20. Magistrate Judge Pitman has allotted up to two days for each deposition, and two of the witnesses by agreement are scheduled for three days of testimony. There are no idle days. Significantly, many of these witnesses are those who have been identified as common to all pending actions. Any witnesses unique to the *Fertitta* case are to be deposed after November 20. Plaintiffs in that case have not yet identified all the witnesses they will seek to examine.

On Monday, October 12, I spoke with James Janowitz, counsel to plaintiff in the *Hilti* action. I indicated that in light of the October 9 Decision, and the deadlines contained therein, defendants requested that the depositions be rescheduled. I received a call the following day from David Eiseman, counsel to plaintiff in the *White* action. Mr. Eiseman stated that there was a lack of consensus among plaintiffs' counsel on the issue, but that plaintiffs in *Hilti* and *Fertitta* had insisted that a number of the depositions – among them Knoedler officer Ruth Blankschen, Dru Hammer and non-parties Ernst & Young and Friedman LLP (an accounting firm) - proceed as scheduled as a prerequisite to any discussion of adjournment of other testimony. I told Mr. Eiseman that to my knowledge the depositions of Ernst & Young and Friedman had not yet been scheduled. Mr. Eiseman stated that Ernst & Young recently had proposed October 28 and 29 and that Friedman had suggested November 11. We now have learned that in fact plaintiffs' counsel proposed those dates to the witnesses without consulting us. The parties previously had agreed, however, that the depositions of plaintiffs in the *White* action would occur in California the week of October 26. Further, the October 9 Decision sets deadlines of November 9 for submission of pretrial motions and the joint pretrial order and November 23 for opposition. I spoke yesterday to Mr. Janowitz, who refused to agree to reschedule any depositions unless defendants agreed to proceed with some (though he did not identify which). A copy of my letter of October 15 to plaintiffs' counsel setting forth our position is attached as Exhibit A.

### Defendants Will Be Substantially Prejudiced By Any Requirement That They Prepare For Trial *And* Conduct Depositions At the Same Time

The October 9 Decision sets a trial date of January 25 in *De Sole* and *Howard*. We have spoken with counsel to plaintiffs in those cases and advised them of the position with respect to deposition discovery taken by plaintiffs in the Later Actions. Counsel in *De Sole* and *Howard* have stated that they will not consent to an adjournment of the trial date. The October 9 Decision also sets November 9 and November 25 as the deadlines for very extensive pretrial submissions and *in limine* motions.[2] Given the record in these cases – including thirty-nine fact witness depositions, eleven expert witnesses and very significant factual and evidentiary disputes – it would be grossly prejudicial to defendants to require them to prepare for and participate in lengthy and sensitive deposition testimony at the same time they are preparing for

---

[2] The parties have discussed seeking leave to extend these deadlines minimally.

54196029.1

trial. In addition, and as plaintiffs' counsel themselves argued to Magistrate Judge Pitman, the order of deposition testimony is in part strategic and requires negotiation of counsel. See Hearing Transcript of October 23, 2014 at (20:12-22:07). A copy of the relevant pages of the transcript are attached as Exhibit B. That is what occurred here. Plaintiffs now propose, however, that in exchange for any discussion of an adjournment of any witness testimony, they be given the right to depose *first* the witnesses they select (including witnesses on the critical issue of Knoedler's financial accounting). That is improper. There is no reasonable basis or need to permit the witnesses preferred by plaintiffs to testify now while all others are adjourned.

By contrast, plaintiffs will suffer no prejudice whatsoever if the depositions are adjourned. They have taken only *one* deposition to date. None of defendants' witnesses will be unavailable after a brief adjournment and the parties have yet to commence expert discovery, which is likely to extend several months. These cases are far from trial. There is no indication that a short adjournment of testimony will result in any harm at all to plaintiffs.[3]

**Discovery In The Later Actions Was
Adjourned From July 31 to November 20
At The Request of Plaintiffs' Counsel**

Magistrate Judge Pitman originally entered a scheduling order setting a deadline for fact discovery of July 31, 2015. That deadline was extended, and deposition testimony adjourned to Fall 2015, at the express request of plaintiffs' counsel. We raise this issue not because we believe it material to the appropriateness of the relief we now request, but rather because during our conversation of yesterday, Mr. Janowitz asserted that plaintiffs found themselves in this situation because of the delays of defendants. Mr. Janowitz perhaps has become confused with the passage of time, and we therefore address the record briefly.

On May 11, Mr. Janowitz's partner, William Charron, advised in an email that plaintiffs' counsel had encountered scheduling issues in June and July and requested an extension of the discovery deadline through mid-September. At that date, plaintiffs had noticed and taken exactly one deposition. Defendants had sought for months to schedule the depositions of plaintiffs and had requested repeatedly a list of witnesses plaintiffs would seek to depose. In response to Mr. Charron, we pointed out that August likely would pose scheduling problems and that early September contained a number of religious holidays. We therefore suggested extending the deadline to November. We specifically requested, however, that (i) defendants proceed with their depositions prior to the July 31 deadline, and (ii) that any new schedule permit only the deposition testimony which plaintiffs otherwise would have been able to take between the date of Mr. Charron's request and the July 31 deadline. We also conditioned our agreement on plaintiffs' provision of a list of the witnesses they intended to depose. We ultimately were not able to obtain agreement from plaintiffs to produce their witnesses prior to July 31. The parties then agreed that testimony would take place between September 15 and November 20, and submitted a revised scheduling order to Magistrate Judge Pitman. Virtually all of this record is documented in the exchange of emails, and we will not burden the Court with

---

[3] We note that we anticipated this potential issue and raised it with William Charron, counsel to plaintiff Hilti, in person in June 2015. Mr. Charron assured me that plaintiffs would not seek to pursue depositions during the interval between this Court's issuance of a decision on the pending motions in *De Sole* and *Howard* and the trial date.

Hon. Paul G. Gardephe
October 16, 2015
Page 4

NORTON ROSE FULBRIGHT

those documents at this stage. What remains, however, is the reality that the schedule of depositions now in place results from plaintiffs' failure to proceed with deposition discovery for months in advance of the July 31 deadline and defendants' agreement to cooperate in adjourning the testimony.

Defendants' counsel is not able to conduct multiple depositions and prepare for trial simultaneously. Accordingly, we respectfully request that the Court issue an order directing that the parties jointly agree to a schedule for depositions to commence after trial of the *De Sole* and *Howard* actions and which replicates the schedule now in place as substantially as reasonably possible.

We are prepared to appear before Your Honor to address this issue as the Court deems appropriate.

Respectfully,

*/s/ Charles D. Schmerler*

Charles D. Schmerler

CDS/ck

cc:   All Counsel of Record
      (Via ECF Filing)

# EXHIBIT A

# NORTON ROSE FULBRIGHT

Norton Rose Fulbright US LLP
666 Fifth Avenue, 31st Floor
New York, New York 10103-3198
United States

**Charles D. Schmerler**
Partner
Direct line +1 212 318 3021
charles.schmerler@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

October 15, 2015

**Via E-Mail**

David J. Eiseman, Esq.
Golenbock Eiseman Assor Bell & Peskoe LLP
437 Madison Avenue
New York, New York 10022

Re:   The Martin Hilti Family Trust v. Knoedler Gallery, LLC, et al. 13 civ 0657 (PGG)(HBP)
      The Arthur Taubman Trust v. Knoedler Gallery LLC et al., 13 civ 3011 (PGG)(HBP)
      White v. Freedman, et al., 13 civ 1193 (PGG)(HBP)
      Fertitta v. Knoedler Gallery LLC, 14 cv 02259 (JPO)(HBP)

Dear David:

We are writing in connection with our telephone conversations of Tuesday and earlier today and to set forth the position of the Knoedler Defendants and Ann Freedman with respect to deposition discovery in the above-referenced actions. You indicated during the Tuesday conversation that you had been asked by the plaintiff group to determine if there existed grounds for agreement as to which, if any, depositions would proceed as originally scheduled in light of the trial schedule and other deadlines set by Judge Gardephe in his decision of October 9 in the *De Sole* and *Howard* actions.

We previously advised Jim Janowitz and you separately that our view is that depositions should be rescheduled until after the trial or trials in *De Sole* and *Howard*. You stated Tuesday that Mr. Janowitz and Jeffrey Lewis, counsel in the *Fertitta* action, would not agree to that request. You also indicated, however, that the plaintiff group might be prepared to adjourn certain depositions if defendants would agree to proceed with others. You specifically identified the depositions of Ruth Blankschen, Ernst & Young, Friedman LLP and Dru Hammer as among those which Mr. Janowitz and Mr. Lewis insisted proceed. I told you that to our knowledge no dates had been set for Ernst & Young and Friedman LLP. You responded that plaintiffs just had been advised that Ernst & Young had proposed October 28 and 29 and that Friedman had agreed to November 11. We never had agreed to those dates.

Defendants do not agree to proceed as Messrs. Janowitz and Lewis demand[1]. First, as I told you, Judge Gardephe has set very tight deadlines for trial, making it impossible for defendants'

---

[1] It is worth noting that I raised with Bill Charron this exact scenario several months ago. He assured us that plaintiffs would not insist on proceeding with depositions if Judge Gardephe issued decisions and set a trial date.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

58877486.1

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

David J. Eiseman, Esq.
October 15, 2015
Page 2

NORTON ROSE FULBRIGHT

counsel to engage in and complete the expedited deposition schedule by November 20 as previously agreed. Second, we have had no notice of the Ernst & Young and Friedman deposition dates. I am not available the week of October 26, which as you know had been designated for the depositions of Frances and Harvey White in California. Further, the dates just proposed for Friedman and Ernst & Young conflict directly with the limited time allotted by Judge Gardephe to submit and respond to the various filings contemplated by the pretrial order, including motions *in limine*.

We are prepared to address your stated concerns regarding the potential difficulty of rescheduling depositions. To that end, we will work with you to set dates after the completion of the trial(s) for all defense witnesses and to accommodate the schedules of plaintiffs so that the parties may replicate the existing schedule as closely as possible. We see no reasonable basis, however, for scheduling four or more depositions while we are preparing for trial, only to continue the vast majority of the testimony at a later date.

Please let me know whether or not plaintiffs are prepared to reschedule the depositions. We would appreciate your cooperation.

Sincerely,

Charles D. Schmerler

CDS/ck

cc:   Luke Nikas, Esq
      Kyle Smith, Esq.
      Silvia L. Serpe, Esq.
      Paul Ryan, Esq.

58877486.1

# EXHIBIT B

```
                   UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF NEW YORK
In re:                                  :

COHEN, ET AL.,                          : Docket #13cv8515
                                          1:13-cv-08515-PGG-HBP
                    Plaintiffs,         :

 - against -                            :

FREEDMAN, ET AL.,                       : New York, New York
                                          October 23, 2014
                    Defendants.         :

------------------------------------    :

                        PROCEEDINGS BEFORE
                   THE HONORABLE HENRY PITMAN
            UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff - Martin      PRYOR CASHMAN LLP
  Hilti Family Trust:       BY:  STEPHANIE KLINE, ESQ.
                                 REBECCA SIEGEL, ESQ.
                            7 Times Square
                            New York, New York.  10036-6569

For Plaintiff -             GOLENBOCK EISEMAN ASSOR BELL
  Frances White:            & PESKOE
                            BY:  DAVID EISEMAN, ESQ.
                            437 Madison Avenue
                            New York, New York  10022-7020

For Plaintiff -             HUGHES HUBBARD & REED
  Arthur Taubman Trust:     BY:  WEBSTER MCBRIDE, ESQ.
                            One Battery Park Plaza
                            New York, New York  10004-1482


Transcription Service:      Carole Ludwig, *Transcription Services*
                            141 East Third Street #3E
                            New York, New York 10009
                            Phone:  (212) 420-0771
                            Fax:    (212) 420-6007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

```
                                                              20
 1
 2         MR. EISEMAN:  You know, the truth is, so there's 6
 3  or 7 months, you know, for discovery, right, 60 days out gets
 4  you to, you know, now there's 4 months for discovery, right,
 5  there's going to be a lot of back and forth --
 6         THE COURT:  Wait, isn't the proposed discovery
 7  cutoff July?  Isn't that the proposed date for the end of fact
 8  discovery?
 9         MR. EISEMAN:  I think July 31.
10         THE COURT:  Right, so 60 days out gets you to the
11  end of December, so you'd still have 7 months, not 4 months.
12         MR. EISEMAN:  Yes, I understand that, Your Honor,
13  but what happens is 60 days out doesn't mean that all of the
14  party depositions are going to have occurred before that date.
15  Now we're going to have some of the party depositions that
16  have not occurred before that date and you're going to have
17  the nonparty depositions, we are going to be limited in the
18  way that we order those depositions, we're going to be limited
19  in terms of the availability of the witnesses, the time goes
20  by so quickly in cases like this, Your Honor, where you have
21  all of these parties, a lot of potential witnesses, certainly
22  all over the country, and you really need that amount of time
23  to do it.  And I think very significantly is, you know, this
24  is our strategy. I mean we want to pursue the strategy that we
25  want to pursue in this case. I don't think that any of the
```

```
                                                              21
```

1
2  arguments they make go for compelling efficiency. It's not
3  efficient to have to arrange 13 depositions in advance before
4  we can go ahead and decide what we want to do.  You know, what
5  they want to do is look at this list and then shoot witnesses
6  off and come before Your Honor and say they don't need to take
7  this witness, they don't need to take that witness, they don't
8  need to do that, okay. Obviously there will be cooperation
9  between the parties, we don't have to be in Your Honor on each
10 and every witness, everybody is going to be acting in good
11 faith here, but there is no reason to limit our ability to
12 structure these depositions in the way that we want to do it.
13 People have to comply with their initial disclosures, people
14 have to produce documents, the depositions will get underway,
15 we order them the way that we want to order them.
16              As far as the -- you know, I just want to add one
17 thing, Your Honor, which is we're at the outset of the
18 discovery issues here, I see what happened in those other
19 cases, I think the plaintiffs are very concerned about the
20 defendants imposing their strategies on the plaintiffs in
21 connection with the case and dictating how discovery is going
22 to go.  We're entitled to exercise our rights under the
23 Federal Rules, we want to do that. We understand there are
24 efficiency considerations, those are absolutely valid, but
25 what they're talking about here are the softest efficiency

```
                                                              22
```

considerations that there are.  There is really no efficiency considerations in requiring all of the plaintiffs to go first so that they can look at the list and then try to shoot of some of the defendants.  That's all strategy on their part. They can pursue their strategy but we want to pursue our strategy.

        THE COURT:  All right.

        MR. SCHMERLER:  May I, Your Honor, just very briefly.

        THE COURT:  Very briefly, go ahead.

        MR. SCHMERLER:  Very briefly.  I want to talk about this issue of ambiguity that we're rolling into here.  We jus don't know when Mr. Eiseman talks about there may be witnesses all over the country, there may be this number of witnesses, there may be another number.  We just don't know.  This is exactly the situation that Judge Gardephe directed us to avoid in the prior cases, exactly. He specifically told the parties to get those witness lists exchanged so we would know what we were dealing with and we could come to a sensible arrangement on what the depositions would look like.

        As far as ordering goes, these are the only two points I'll make, ordering is always a compromise. There is a strategy but there was always a compromise in those other cases. The witnesses who went more than one day sometimes went